IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-232-FL-1
NO. 5:11-CV-142-FL

| | |
|---|---|
| WALTER RUIZ HENRIQUEZ, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-32) *pro se* Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE's 26 & 28). Petitioner has responded to the motion to dismiss (DE-35), and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-32) be GRANTED and that Petitioner's Motion to Vacate (DE's 26 & 28) be DENIED.

**I.  Background**

Petitioner was charged in an indictment on September 14, 2006 with: 1) conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and 2) possession with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a). (DE-1). On November 21, 2006, Petitioner pled guilty to the conspiracy charge. (DE's 16-18). This guilty plea was memorialized in a Plea

Agreement filed and approved by this Court. (DE-18). He was sentenced on February 21, 2007 to, *inter alia*, a total of 188 months imprisonment. (DE-21). Petitioner did not file a direct appeal. (DE-28, pg. 2). The instant Motion to Vacate was filed on February 15, 2011.[1] (DE-26).

## II. Legal Standards and Analysis

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U .S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the

---

[1] Petitioner actually filed a "motion for enlargement of time in which to file for relief pursuant to 28 U.S.C. § 2255." (DE-26). This filing was dated February 15, 2011 by Petitioner, and received by the Court on February 18, 2011. (DE-26). The Court informed Petitioner that it intended to recharacterize this filing as an attempt to file a motion under 28 U.S.C. § 2255 on March 7, 2011. (DE-27). Petitioner objected to this recharacterization (DE-29), but also filed a separate 2255 petition on March 28, 2011. (DE-28). The February 15, 2011 and March 28, 2011 filings advance identical arguments. In this context, Petitioner's 2255 petition shall be deemed filed on February 15, 2011.

2

mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1947-1951 (quotations omitted).

Petitioner, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. See <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B.  28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).  This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2255(f)(1-4).

If a defendant does not timely appeal the trial court's final judgment, as in this case, his conviction becomes final 10 business days after entry of final judgment, when petitioner's opportunity to appeal expires. *See* Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R.App. P. 4(b)[2]. Accordingly, Petitioner's conviction became final on March 7, 2007, ten business days after entry of final judgment. Therefore, Petitioner had until March 7, 2008 to timely file his § 2255 motion. However, Petitioner's Motion to Vacate was not filed until February 15, 2011. (DE-26). As such, Petitioner's Motion to Vacate is untimely on its face.

In his 2255 motion, Petitioner alleges ineffective assistance of counsel based on the fact that his attorney violated the requirements of Padilla v. Kentucky, 130 S.Ct. 1473 (2010). Specifically, Petitioner argues that counsel failed to advise him that he would be subject to deportation if he pled guilty. (DE-28, pg. 4). Because Padilla was decided on March 31, 2010, Petitioner argues that his motion is timely filed pursuant to 28 U.S.C. § 2255(f)(3).

Thus, the issue here is whether Padilla applies retroactively to cases on collateral review. This issue is governed by Teague v. Lane, 489 U.S. 288 (1989). Under Teague, a new rule may be applied retroactively only if it meets one of two exceptions.

The first exception applies " 'if the rule places a class of private conduct beyond the power of the State to proscribe, ... or addresses substantive categorical guarante[es] accorded by the Constitution, such as a rule prohibiting a certain category of punishment for a class of defendants because of their status or offense.' " Frazer v. South Carolina, 430 F.3d 696, 704 fn. 4 (4th Cir. 2005)(*quoting* Saffle v. Parks, 494 U.S. 484, 494 (1990)(citations omitted)). This exception does not apply because Padilla does not alter what conduct may be prohibited criminally. Mathur v.

---

2 In 2009, the deadline for filing a notice of appeal in a criminal case was amended to 14 calendar days. F.R.App.P 4, 2009 Amendments.

United States, 2011 WL 2036701, *2 (E.D.N.C. May 24, 2011)(*citing*, Doan v. United States, 2011 WL 116811, *2-3 (E.D.Va. January 4, 2011)).

Teague's second exception "is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Saffle, 494 U.S. at 495. "Courts construe this second Teague exception narrowly; so narrowly, in fact, that newly discovered rights rarely fall within the exception's contours." Mathur, 2011 WL 2036701, *2 (*citing*, Billings v. Polk, 441 F.3d 238, 243 n. 1 (4th Cir. 2006)). Indeed, "[t]he Supreme Court has stated that it is unlikely that many such rules remain undiscovered." United States v. Sanders, 247 F.3d 139, 148 (4th Cir. 2001). "Whatever the precise scope of this second exception, it is clearly meant to apply only to a small core of rules requiring observance of those procedures that are implicit in the concept of ordered liberty." O'Dell v. Netherland, 521 U.S. 151, 157 (1997). Thus, "[t]he Padilla rule does not appear to be the type of right that falls into Teague's narrow second exception of retroactively applicable rights." Mather, 2011 WL 2036701, * 2. Moreover, in an unpublished *per curiam* decision, the Fourth Circuit has stated that "nothing in the Padilla decision indicates that it is retroactively applicable to cases on collateral review." United States v. Hernandez-Monreal, 2010 WL 5027195, *2 n*(4th Cir. December 6, 2010). Therefore, the Court finds that the rule announced in Padilla does not qualify for retroactive application under either Teague exception. Consequently, Petitioner's one-year statute of limitation for filing his 2255 motion is tied to the date his conviction became final- March 7, 2007. Because the instant motion was not filed until February 15, 2011, it must be dismissed unless it is eligible for equitable tolling.

The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it

5

impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* Specifically:

> any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> *Id.*

Here, Petitioner argues that equitable tolling should apply because when he was transferred to federal prison the United States Marshals Service ("USMS") "told [him] he was not authorized to transfer with many of his vital legal documentation (sic)." (DE-26, pg. 1). Specifically, Petitioner argues that "his efforts [to file his 2255 petition] were severely thwarted because the . . . USMS confiscated . . . [his] legal material prior to the 1-year statute of limitations period expiring." (DE-35, pg. 4). Notably, Petitioner does not assert that he was improperly prohibited from filing his petition by officials at his place of incarceration. Assuming *arguendo*, the USMS did confiscate any of Petitioner's "vital legal documentation", this did not make it impossible for Petitioner to file his claims on time as required by Harris. Even without the allegedly confiscated "documentation", Petitioner already had the information needed to file his petition. Namely, that counsel had failed to advise Petitioner that he was subject to deportation if he pled guilty. No additional "legal documentation" would have been required of Petitioner for him to timely assert his ineffective assistance of counsel claim.

Accordingly, the doctrine of equitable tolling does not apply, and Petitioner's Motion to Vacate is time-barred.

6

**III. Conclusion**

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-32) be GRANTED and that Petitioner's Motion to Vacate (DE's 26 & 28) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, July 26, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE