IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-232-FL
NO. 5:11-CV-142-FL

| | |
|---|---|
| WALTER RUIZ HENRIQUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge William A. Webb (DE # 36) regarding petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 28) and respondent's motion to dismiss (DE # 32). The magistrate judge recommends the court grant respondent's motion to dismiss and deny petitioner's motion to vacate. Petitioner objected to the M&R, and respondent filed a response to petitioner's objection. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court overrules petitioner's objections and grants respondent's motion to dismiss.

### STATEMENT OF THE CASE

On September 14, 2006, petitioner was charged with conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner also was charged with possession with the intent to distribute more than five hundred (500) grams of cocaine, in violation of 21 U.S.C. § 841(a). On

November 21, 2006, petitioner entered a plea of guilty, pursuant to a plea agreement, to the conspiracy charge. On February 21, 2007, this court sentenced petitioner, *inter alia*, to a term of one hundred eighty-eight (188) months imprisonment. Petitioner did not file a direct appeal.

Petitioner filed his § 2255 petition on March 28, 2011. In his petition, petitioner asserts that he received ineffective assistance of counsel because his counsel failed to inform him, before he pled guilty, that he was subject to deportation in violation of the requirements of Padilla v. Kentucky, 130 S.Ct. 1473 (2010). On June 16, 2011, respondent filed a motion to dismiss petitioner's petition. On July 5, 2011, petitioner filed a response to respondent's motion to dismiss.

On July 15, 2011, the court referred the matter to the magistrate judge. On July 26, 2011, the magistrate judge issued an M&R, finding that petitioner's § 2255 petition should be dismissed because it is time-barred. On August 17, 2011, petitioner filed an objection to the M&R, arguing that his § 2255 petition is timely because the Supreme Court's decision in Padilla is retroactively applicable and may be applied to cases on collateral review. Petitioner also argues that he is entitled to equitable tolling. Respondent responded to petitioner's objection to the M&R.

## DISCUSSION

A. Motion to Dismiss

    1. Standard of Review

The district court conducts a *de novo* review of those portions of a the magistrate judge's M&R to which specific objections are filed. See 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court

reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). Because a proceeding to vacate a judgment of conviction is a civil collateral attack, the burden of proof rests upon petitioner to establish a denial of constitutional rights by a preponderance of the evidence. Johnson v. Zerbst, 304 U.S. 458, 468-69 (1938); Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

2. Analysis

Petitioner objects to the magistrate judge's recommendation that his § 2255 petition be dismissed as time-barred. Petitioner asserts that his motion is timely pursuant to 28 U.S.C. § 2255(f)(3), because he filed it within one year of the United States Supreme Court's decision in Padilla. Section 2255(f)(3) provides that the one year period of limitation runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . ."

The Fourth Circuit has not determined whether Padilla is retroactively applicable to cases on collateral review. However, the Fourth Circuit has stated, in an unpublished opinion, that "nothing in the *Padilla* decision indicates that it is retroactively applicable to cases on collateral review." United States v. Hernandez-Monreal, 404 F. App'x 714, 715 n* (4th Cir. 2010); see also, Mendoza v. United States, 774 F. Supp. 2d 791, 797-798 (E.D. Va. Mar. 24, 2011); Mathur v. United States, No. 7:07-CR-92-BO, 7:11CV-67-BO, 2011 WL 2036701, *3 (E.D.N.C. May 24, 2011).

3

Accordingly, the court finds that the rule announced in Padilla does not apply retroactively to cases on collateral review.

Petitioner next argues that the statute of limitations period should be tolled pursuant to the doctrine of equitable tolling. The Fourth Circuit has held that "the AEDPA statute of limitation is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citations and quotations omitted). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. " 'Any invocation of equity to relieve the strict application of a statute of limitation must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.' " Id. (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Rouse, 339 F.3d at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [petitioner's] control prevented him from complying with the statutory time limit." Rouse, 339 F.3d at 246 (citation and quotations omitted). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGugliemo, 544 U.S. 408, 418 (2005); Rouse, 339 F.3d 238, 246.

Petitioner states that he is entitled to equitable tolling because the United States Marshals Service confiscated his legal materials, including his pre-sentence investigation report and plea agreement. Prison conditions such as lock-downs, misplacement of legal papers, and lack of access to legal materials typically are not grounds for equitable tolling. See Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000); Murphy v. United States, No. 5:04-CR-241-Fl-1, 5:08-CV-534-

4

FL, 2009 WL 2579648, *2 (E.D.N.C. Aug. 17, 2009); Fuller v. Kelly, No. 7:09-CV-117, 2009 WL 1675710, *2 (W.D. Va. June 15, 2009). Further, petitioner has not demonstrated how his lack of access to these materials prevented him from timely filing his § 2255 petition, despite having knowledge of the issue in this case. Accordingly, petitioner has not demonstrated that he diligently pursued his rights. Because petitioner has not demonstrated extraordinary circumstances to justify equitable tolling or that he pursued his rights diligently, he is not entitled to equitable tolling. Thus, petitioner's action is time-barred, and respondent's motion to dismiss is GRANTED.

B.  Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional

5

right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons stated, petitioner's objection is without merit. Accordingly, following the recommendation of the magistrate judge, respondent's motion to dismiss (DE # 32) is GRANTED, and petitioner's § 2255 petition (DE # 28) is DISMISSED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close the case file.

SO ORDERED, this the 30th day of April, 2012.

LOUISE W. FLANAGAN
United States District Judge